## T. J. ELLIOT *versus* N. HEATH.

In a writ of entry, a description of all that part of the homestead of an individual conveyed to the plaintiff by deed of a certain date, except what had been previously conveyed away by deed of a prior date, held sufficient for rendition of judgment.

The same certainty of description is required in writs of entry, as in common conveyances.

The want of an averment of seizin in the demandant within twenty years is cured by a verdict that he was disseized within that time.

THIS was a writ of entry in which the demanded premises were described as follows :—" A certain tract of land situated in said Boscawen, being all that part of the homestead farm of the late Nathaniel Gookin, of said B. which was conveyed to Joseph Elliot, by P. Gookin, administrator of the goods and estate of said Nathaniel, except what has been conveyed by said Joseph Elliot, to Joseph Couch, by deed, dated February 1, 1827. The tract demanded being the same that was conveyed to me by my father, J. E. by deed, dated March 26, 1827, where-

of the said Heath unjustly, and without judgment, disseized the demandant within twenty years." The count was as follows :—" And thereupon he says that he was seized of the messuage aforesaid, with the appurtenances in his demesne, as of fee and right, in a time of peace, taking the profits to the value of fifty dollars, and thereof the said Heath unjustly, and without judgment, disseized the demandant within twenty years last past."

The tenant disclaimed as to a portion of the premises described in the writ, and took issue as to the plaintiff's seizin in the remainder. The cause was tried at September term, 1832, upon the general issue, and a verdict returned for the demandant.

*Wells* and *Sullivan*, for the tenant, moved in arrest of judgment.

1. Because the land demanded was not sufficiently described.

2. Because there was no allegation in the count that the demandant was seized within twenty years before the commencement of the action.

*Nesmith* and *Bartlett*, for the demandant.

Upham, J. In this case the demandant claims that portion of the homestead farm of the late Nathaniel Gookin which was conveyed by said Gookin, administrator to Joseph Elliot, excepting what has been conveyed by said Elliot to Joseph Couch, by deed of February 1, 1827, and is the same land which the plaintiff holds by deed from said Elliot, dated March 26, 1827. It does not appear that either of the deeds has been recorded.

It is laid down by Stearns, as to declarations in writs of entry, " that the description should be so certain as to enable the tenant to understand what is demanded against him, and the sheriff to deliver the seizin without any information from the demandant." Stearns, on Real Actions, 151 ; 1 L'd Raymond, 1470.

Elliot
v.
Heath.

In this case the tenant had no difficulty in understanding what was demanded. It was sufficiently explicit to enable him to disclaim as to a portion of the premises "described in the plaintiff's writ," and to take issue as to a disseizin of the remainder.

It is said in 14 East, 291, that general words are sufficient when the certainty lies within the defendant's notice, and in Comyn's Digest, title, pleader, C, 26, if the words ascertain the lands in demand, it is sufficient to plead a conveyance of them "*inter alia*," which is the mode in which the plaintiff declares in this instance.— Arch. Civ. Pl. 117 ; Lut. 1007.

The rule " that the description of the land must be sufficiently certain to enable the sheriff to deliver the seizin, 'without any information from the demandant," seems to go farther than is essential. In most instances the sheriff would be obliged to enquire of some one as to the location of the lands described in his writ, and in all instances he might require the demandant to point them out.

It is undoubtedly the case that the premises demanded must be described in the count with as much precision, as in any common conveyance, or assurance of land. Jackson, on Real Actions, p. 13. If this be the true rule the description in this case is sufficient. It is copied from the deed, and is without doubt sufficient to pass the title to the land, and we see no reason why a declaration of the same certainty should not be sufficient for the rendition of a judgment.

Another exception taken in this case is, that the declaration does not allege a seizin in the demandant within twenty years. This would without doubt be bad on demurrer. 6 Pick. 413. But the question is whether this defect is cured by the verdict. On this point the case of *Ward* v. *Bartholomew*, 6 Pick. 413, is an authority directly in favour of the demandant, and we think that decision rests on sound legal principles.

It is laid down by Williams, in his note to 1 Saunders, 228, that where there is any defect, imperfection, or omission in any pleading, whether in substance, or form, which would have been a fatal objection on demurrer, yet, if the issue joined, be such as necessarily required, on the trial, proof of the facts so defectively, or imperfectly stated, or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given the verdict, such defect, imperfection, or omission, is cured by the verdict by the common law.

This rule is founded in good sense, and sound reason. Every one can see why the verdict cures the defect in such a case. It cures it because the matter omitted was necessarily involved in the issue.

In this case the demandant alleged a disseizin within twenty years. To this the tenant pleaded that he did not disseize the demandant in manner and form, as he had alleged, and on this matter issue was joined. Now it is apparent that the matter in issue was a disseizin within twenty years, and that the demandant could not maintain the issue on his part without shewing a seizin in himself within that time. Jackson, on Real Actions, 157. For this reason the defect is cured by the verdict.

The motion in arrest does not prevail, and

*Judgment must be rendered on the verdict.*